IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

UNITED STATES OF AMERICA,       )
                                )
               Plaintiff,       )
                                )
     v.                         )    No. 09 C 5149
                                )        (08 CR 543)
MARCUS TYMS,                    )
                                )
               Defendant.       )

                         MEMORANDUM ORDER

     This Court's September 25, 2009 memorandum order denied the motion by Marcus Tyms ("Tyms")--briefly described there, in what must be viewed as a substantial understatement, as "a quite appalling young man--to reconsider its earlier denial of Tyms' self-prepared 28 U.S.C. 2255[1] motion. Now, well over a month later, Tyms has delivered two new self-prepared documents dated November 5 and received in the Clerk's Office on November 13:

     1. "Motion Amending 28 U.S.C. 2255 Challenging
     Jurisdiction of the District Court on Count One of the
     Indictment"; and

     2. "Response to Statements made by Greene and the
     Government."

     First, as a purely procedural matter, the first of those submissions must surely be considered, and the second would also appear appropriate to be considered, as equivalent to a "second

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

or successive motion" attempted to be advanced under Section 2255. As such, the submissions ought to have been brought before our Court of Appeals (rather than this Court) by way of a motion seeking an order authorizing this Court to consider the new filings (see Section 2255(h), which not only states the substantive standards for such second or successive motions but also incorporates the procedures established by Section 2244). And if the second of those submissions were to be viewed instead as a merits-related attempt to seek relief under Tyms' original filing, it would face not only problems of untimeliness but also the flaw of substantive insufficiency.

That being said, this Court is constrained to add that Tyms would do well to consider the kernel of truth in Oscar Wilde's ironic aphorism contained in Act III of <u>Lady Windermere's Fan</u>:

> In this world there are only two tragedies. One is not getting what one wants, and the other is getting it.

Quite apart from his current frivolous attack on the existence of jurisdiction over Count One of the indictment, Tyms has again shown himself to be totally without remorse for his reprehensible conduct. That mindset clearly manifested itself in the statement that he made when given the opportunity to allocute at the time of sentencing--he then chose to say nothing at all about his crimes or about any regret for his having been involved not only in child pornography but also in having sex with a 13-year-old girl that he invited to meet him for that purpose. And nothing

in Tyms' post-sentencing filings has altered the callousness that he then exhibited.

Indeed, Tyms has failed to recognize that he received a real break in the sentence he received when this Court consciously refrained from retaliating in response to his obvious lack of remorse by imposing a much greater custodial sentence, which would have been amply supported by case after case that has been affirmed by our Court of Appeals.  Instead Tyms apparently wishes to roll the dice again--to go to trial in a case in which the government's evidence of his guilt, based on the circumstances outlined during the sentencing process, is overwhelming.

In that respect Tyms should consider what the government set out in its Response to Defendant's Motion filed September 25, outlining not only the potential but the guaranteed actuality of the sentence he would have received if he had gone to trial rather than entering into the plea agreement negotiated by his counsel.  On that score Tyms should recall that Count Two of the indictment--a charge that the government agreed to dismiss at the time of sentencing, pursuant to his plea of guilty to Count One that he now seeks to undo--carried a <u>mandatory minimum sentence</u> of 25 years, and that the same count would generate an advisory Sentencing Guideline range of at least 262 to 327 months <u>plus</u> a

mandatory 10-year consecutive term of imprisonment.[2]

In short, Tyms' current filings call for no action different from that previously ordered by this Court. And that is so whether or not Sections 2255(h) and 2244 apply to those filings.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 16, 2009

---

[2] This Court will not ring all of the changes on the Guideline calculation. But it is worth noting that if Tyms were to try to get himself out from under the charges in the indictment by testifying in the manner that he has included in his current response, he could well succeed in enhancing the advisory Guideline calculation even further through an obstruction of justice adjustment as well.

4